The opinion of the Court was delivered by
Withers, J.
By order of the Court of Equity, the Commissioner of that Court had sold property, and had taken one per cent, as commissions on the aggregate of sales, the same being over five hundred dollars. Bonds had been taken for the purchase-money, and the case presents the question, whether the Commissioner can lawfully take one per cent, upon the interest that accrued upon those bonds. ■
*402 We have nothing to guide us but the words of the fee bill of 1827, (6 Stat. 335,) as follows : “ Commissions on all sales by order of Court, when the total amount of the sale of all the property shall not exceed five hundred dollars, two per cent.; and in all cases where it shall exceed that sum, one per cent. And this to include all other charges, such as receiving and paying over money, or transferring bonds. Commissions on all monies received, other than on sales made by Commissioner, one per cent.”
We differ from the construction adopted upon the Circuit, and hold, that the words above cited, exclude the commissions retained by the defendant; that the interest received were monies arising on sales, and therefore, the statutory compensation for receiving and paying over the same had already been taken in the one per cent., and that the interest did not constitute “monies received, other than on sales made by Commissioner.” The interest, we think, arose from the sales, or “on sales, by order of Court.” A credit and bonds were in contemplation, — the accrual of interest, of course, — and the collection and disbursement of such interest, with the principal, or the transfer of bonds in lieu of the same; all the fruit of the “sales,” the one per cent, on which is “to include all other charges, such as,” &c. We have countenance for this view in the case of Westbrook vs. Lanier, Rich. Eq. Cases, 142. A succeeding commissioner collected monies on bonds taken by his predecessor, arising from a sale ordered, and he made a title deed which had been neglected by his predecessor. Held by the Court of Equity, that he could charge neither commissions nor for the conveyance. There was, indeed, no distinction drawn in that case between the principal and interest; but this language shows the interpretation then put upon the Act now before us. The rate fixed on the sale “swallows up” (say the Court,) “the whole fee allowed, leaving nothing for the collecting. As money collected on a sale, therefore, no commissions could be allowed except to him *403 who made the sale, he having performed the principal act, the incidents must go with it. The one per cent, commissions on monies received, other than on sales, could not be allowed, for this was not money received other than on sale; it was received on a sale.” Vide MS., Book E., p. 279.
We are not at liberty to indulge any view of general or particular justice, or give any scope to the quantum meruit; for we are construing an Act giving fees and costs, and it declares, that “ for all services not hereinafter specifically recited, the said officers shall not be entitled to any fee; but the said services so omitted in this Act shall be taken and understood as incidental to others for which fees are charged.”
The judgment, therefore, pronounced on Circuit, should be reversed, and it is ordered accordingly.
O’Neall, Glover and Munro, JJ., concurred.
Wardlaw and Whitner, JJ., dissented.
Motion granted.